Linda Bondi Morrison, Esq. (SBN 210264)
lmorrison@tresslerllp.com
Samantha K. Shafer, Esq. (SBN 328321)
sshafer@tresslerllp.com
TRESSLER LLP
4 Park Plaza, Suite 1200
Irvine, California 92614
Telephone: (949) 336-1200
Facsimile: (949) 752-0645


Attorneys for Defendant,
PHILADELPHIA INDEMNITY
INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CAMBRIA COMPANY LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY.<br><br>               Defendant. | Case No.: 2:24-cv-01913-MEMF-MRW<br>Assigned to:<br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Action filed: March 8, 2024 |

Defendant Philadelphia Indemnity Insurance Company ("PIIC") hereby answers the First Amended Complaint ("FAC") of Plaintiff Cambria Company LLC ("Cambria" or "Plaintiff") as follows:

///

///

///

///

1

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## NATURE OF THE ACTION

1.    Answering Paragraph 1 of the FAC, PIIC admits the allegations contained therein.

2.    Answering Paragraph 2 of the FAC, PIIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2, and on that basis denies such allegations.

3.    Answering Paragraph 3 of the FAC, PIIC admits only that certain of the underlying plaintiffs allege bodily injuries caused by exposure to dust in their workplaces generated during the fabricating, drilling, polishing, grinding, and installing of quartz surface products and other silica-containing products over years of working with such products.  PIIC denies the remaining allegations contained in Paragraph 3.

4.    Answering Paragraph 4 of the FAC, PIIC admits that subject to their terms, its policies at issue provide liability coverage for "bodily injury" caused by "occurrence".  By way of further answer, PIIC states its policies speak for themselves and must be read as a whole.  PIIC denies the remaining allegations contained in Paragraph 4.

5.    Answering Paragraph 5 of the FAC, PIIC denies the allegations contained therein.

6.    Answering Paragraph 6 of the FAC, PIIC denies the allegations contained therein.

7.    Answering Paragraph 7 of the FAC, PIIC denies the allegations contained therein.

8.    Answering Paragraph 8 of the FAC, PIIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8, and on that basis denies such allegations.

## THE PARTIES

9.    Answering Paragraph 9 of the FAC, PIIC admits the allegations contained therein.

/ / /

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

10. Answering Paragraph 10 of the FAC, PIIC admits the allegations contained therein.

## JURISDICTION AND VENUE

11. Answering Paragraph 11 of the FAC, PIIC admits the allegations contained therein.

12. Answering Paragraph 12 of the FAC, PIIC denies the allegations contained therein.

13. Answering Paragraph 13 of the FAC, PIIC admits the allegations contained therein.

## STATEMENT OF FACTS

### *The Policies*

14. Answering Paragraph 14 of the FAC, PIIC admits the allegations contained therein.

15. Answering Paragraph 15 of the FAC, PIIC admits the allegations contained therein.

16. Answering Paragraph 16 of the FAC, PIIC admits that defense costs do not erode the limits of its primary policies at issue. As alleged, the term "retention" is not defined, and therefore PIIC lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to same, and on that basis denies the remaining allegations contained in Paragraph 16.

17. Answering Paragraph 17 of the FAC, PIIC admits the allegations contained therein.

18. Answering Paragraph 18 of the FAC, PIIC admits the allegations contained therein.

19. Answering Paragraph 19 of the FAC, PIIC admits the allegations contained therein.

20. Answering Paragraph 20 of the FAC, PIIC admits the allegations contained therein.

3

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

21.     Answering Paragraph 21 of the FAC, PIIC denies the allegations contained therein.

22.     Answering Paragraph 22 of the FAC, PIIC admits the allegations contained therein.

23.     Answering Paragraph 23 of the FAC, PIIC admits the allegations contained therein.

24.     Answering Paragraph 24 of the FAC, PIIC admits the allegations contained therein.

25.     Answering Paragraph 25 of the FAC, PIIC admits only that, subject to their terms, its primary policies at issue each contain a Total Pollution Exclusion with a Hostile Fire Exception with the language set forth in Paragraph 25.  By way of further answer, PIIC states that its policies speak for themselves and must be read as a whole.  PIIC denies the remaining allegations contained in Paragraph 25.

26.     Answering Paragraph 26 of the FAC, PIIC admits only that, subject to their terms, its primary policies at issue define "pollutants" to mean "any solid, liquid, gaseous, or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals, and waste. Waste includes materials to be recycled, reconditioned, or reclaimed."  By way of further answer, PIIC states that its policies speak for themselves and must be read as a whole.  PIIC denies the remaining allegations contained in Paragraph 26.

27.     Answering Paragraph 27 of the FAC, PIIC states that this paragraph calls for a legal conclusion to which no response is required or made.  To the extent a response is deemed necessary, PIIC denies the allegations contained in Paragraph 27.

28.     Answering Paragraph 28 of the FAC, PIIC states that this paragraph calls for a legal conclusion to which no response is required or made.  To the extent a response is deemed necessary, PIIC denies the allegations contained in Paragraph 28.

/ / /

/ / /

4

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

*The Bodily Injury Lawsuits*

29.    Answering Paragraph 29 of the FAC, PIIC admits the allegations contained therein.

30.    Answering Paragraph 30 of the FAC, PIIC admits the allegations contained therein.

31.    Answering Paragraph 31 of the FAC, PIIC admits the allegations contained therein.

32.    Answering Paragraph 32 of the FAC, PIIC admits the allegations contained therein.

33.    Answering Paragraph 33 of the FAC, PIIC admits the allegations contained therein.

34.    Answering Paragraph 34 of the FAC, PIIC admits only that certain of the Bodily Injury Lawsuits allege exposure to harmful dust and bodily injury during the PIIC policy periods.  PIIC denies the remaining allegations contained in Paragraph 34, including that its policy periods span November 20, 2000 to November 1, 2022, as its policy periods span November 20, 2000 to November 1, 2002.

35.    Answering Paragraph 35 of the FAC, PIIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35, and on that basis denies such allegations.

36.    Answering Paragraph 36 of the FAC, PIIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36, and on that basis denies such allegations.

37.    Answering Paragraph 37 of the FAC, PIIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37, and on that basis denies such allegations.

38.    Answering Paragraph 38 of the FAC, PIIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38, and on that basis denies such allegations.

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

39.     Answering Paragraph 39 of the FAC, PIIC admits the allegations contained therein.

40.     Answering Paragraph 40 of the FAC, PIIC admits the allegations contained therein.

41.     Answering Paragraph 41 of the FAC, PIIC admits the allegations contained therein.

42.     Answering Paragraph 42 of the FAC, PIIC admits only that certain of the Bodily Injury Lawsuits allege exposure to harmful dust and bodily injury during the PIIC policy periods.  PIIC denies the remaining allegations contained in Paragraph 42.

43.     Answering Paragraph 43 of the FAC, PIIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43, and on that basis denies such allegations.

44.     Answering Paragraph 44 of the FAC, PIIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44, and on that basis denies such allegations.

45.     Answering Paragraph 45 of the FAC, PIIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45, and on that basis denies such allegations.

46.     Answering Paragraph 46 of the FAC, PIIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46, and on that basis denies such allegations.

### *Philadelphia's Wrongful and Unreasonable Denial of Coverage*

47.     Answering Paragraph 47 of the FAC, PIIC admits only that Cambria tendered the Bodily Injury Lawsuits identified in its Complaint to PIIC.  PIIC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 47, and on that basis denies such allegations.

/ / /

/ / /

6

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

48.     Answering Paragraph 48 of the FAC, PIIC admits only that it has properly disclaimed coverage on the dates indicated under its policies for Bodily Injury Lawsuits tendered to PIIC.  PIIC denies the remaining allegations contained in Paragraph 48.

49.     Answering Paragraph 49 of the FAC, PIIC admits only that it has denied coverage under its policies for the Bodily Injury Lawsuits identified in the Complaint based on pollution exclusions in its policies.  By way of further answer, PIIC states that it has disclaimed coverage for certain Bodily Injury Lawsuits based on the fact that they do not allege "bodily injury" during PIIC's policy periods.  PIIC denies the remaining allegations contained in Paragraph 49.

50.     Answering Paragraph 50 of the FAC, PIIC states that this paragraph calls for a legal conclusion to which no response is required or made.  To the extent a response is deemed necessary, PIIC denies the allegations contained in Paragraph 50.

51.     Answering Paragraph 51 of the FAC, PIIC states that this paragraph calls for a legal conclusion to which no response is required or made.  To the extent a response is deemed necessary, PIIC denies the allegations contained in Paragraph 51.

52.     Answering Paragraph 52 of the FAC, PIIC states that this paragraph calls for a legal conclusion to which no response is required or made.  To the extent a response is deemed necessary, PIIC denies the allegations contained in Paragraph 52.

53.     Answering Paragraph 53 of the FAC, PIIC states that this paragraph calls for a legal conclusion to which no response is required or made.  To the extent a response is deemed necessary, PIIC denies the allegations contained in Paragraph 53.

54.     Answering Paragraph 54 of the FAC, PIIC states that this paragraph calls for a legal conclusion to which no response is required or made.  To the extent a response is deemed necessary, PIIC denies the allegations contained in Paragraph 54.

55.     Answering Paragraph 55 of the FAC, PIIC states that this paragraph calls for a legal conclusion to which no response is required or made.  To the extent a response is deemed necessary, PIIC denies the allegations contained in Paragraph 55.

/ / /

7

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

56.     Answering Paragraph 56 of the FAC, PIIC states that this paragraph calls for a legal conclusion to which no response is required or made.  To the extent a response is deemed necessary, PIIC denies the allegations contained in Paragraph 56.

## COUNT I

## (BREACH OF CONTRACT-DUTY TO DEFEND)

## (PRIMARY POLICIES)

57.     Answering Paragraph 57 of the FAC, PIIC incorporates by reference PIIC's responses to each previous paragraph of the Complaint as though set forth here in full.

58.     Answering Paragraph 58 of the FAC, PIIC admits the allegations contained therein.

59.     Answering Paragraph 59 of the FAC, PIIC denies the allegations contained therein.

60.     Answering Paragraph 60 of the FAC, PIIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60, and on that basis denies such allegations.

61.     Answering Paragraph 61 of the FAC, PIIC states that this paragraph calls for a legal conclusion to which no response is required or made.  To the extent a response is deemed necessary, PIIC denies the allegations contained in Paragraph 61.

62.     Answering Paragraph 62 of the FAC, PIIC states that this paragraph calls for a legal conclusion to which no response is required or made.  To the extent a response is deemed necessary, PIIC denies the allegations contained in Paragraph 62.

63.     Answering Paragraph 63 of the FAC, PIIC states that this paragraph calls for a legal conclusion to which no response is required or made.  To the extent a response is deemed necessary, PIIC denies the allegations contained in Paragraph 63.

/ / /

/ / /

/ / /

/ / /

8

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## COUNT II

## (DECLARATORY JUDGMENT-DUTY TO DEFEND)

## (PRIMARY POLICIES)

64.     Answering Paragraph 64 of the FAC, PIIC incorporates by reference PIIC's responses to each previous paragraph of the Complaint as though set forth here in full.

65.     Answering Paragraph 65 of the FAC, PIIC admits the allegations contained therein.

66.     Answering Paragraph 66 of the FAC, PIIC denies the allegations contained therein.

67.     Answering Paragraph 67 of the FAC, PIIC admits the allegations contained therein.

68.     Answering Paragraph 68 of the FAC, PIIC denies the allegations contained therein.

## COUNT III

## (BREACH OF CONTRACT-DUTY TO INDEMNIFY)

## (ALL PHILADELPHIA POLICIES)

69.     Answering Paragraph 69 of the FAC, PIIC incorporates by reference PIIC's responses to each previous paragraph of the Complaint as though set forth here in full.

70.     Answering Paragraph 70 of the FAC, PIIC admits the allegations contained therein.

71.     Answering Paragraph 71 of the FAC, PIIC denies the allegations contained therein.

72.     Answering Paragraph 72 of the FAC, PIIC denies the allegations contained therein.

73.     Answering Paragraph 73 of the FAC, PIIC denies the allegations contained therein.

74.     Answering Paragraph 74 of the FAC, PIIC denies the allegations contained therein.

9

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## COUNT IV

## (DECLARATORY JUDGMENT-DUTY TO INDEMNIFY)

## (ALL PHILADELPHIA POLICIES)

75.    Answering Paragraph 75 of the FAC, PIIC incorporates by reference PIIC's responses to each previous paragraph of the Complaint as though set forth here in full.

76.    Answering Paragraph 76 of the FAC, PIIC admits the allegations contained therein.

77.    Answering Paragraph 77 of the FAC, PIIC admits the allegations contained therein.

78.    Answering Paragraph 78 of the FAC, PIIC denies the allegations contained therein.

## COUNT V

## (BREACH OF THE COVENANT OF

## GOOD FAITH AND FAIR DEALING-BAD FAITH)

79.    Answering Paragraph 79 of the FAC, PIIC incorporates by reference PIIC's responses to each previous paragraph of the Complaint as though set forth here in full.

80.    Answering Paragraph 80 of the FAC, PIIC states that this paragraph calls for a legal conclusion to which no response is required or made.  To the extent a response is deemed necessary, PIIC denies the allegations contained in Paragraph 80.

81.    Answering Paragraph 81 of the FAC, PIIC states that this paragraph calls for a legal conclusion to which no response is required or made.  To the extent a response is deemed necessary, PIIC denies the allegations contained in Paragraph 81.

82.    Answering Paragraph 82 of the FAC, PIIC states that this paragraph calls for a legal conclusion to which no response is required or made.  To the extent a response is deemed necessary, PIIC denies the allegations contained in Paragraph 82.

83.    Answering Paragraph 83 of the FAC, PIIC states that this paragraph calls for a legal conclusion to which no response is required or made.  To the extent a response is deemed necessary, PIIC denies the allegations contained in Paragraph 83.

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

84.     Answering Paragraph 84 of the FAC, PIIC states that this paragraph calls for a legal conclusion to which no response is required or made.  To the extent a response is deemed necessary, PIIC denies the allegations contained in Paragraph 84.

85.     Answering Paragraph 85 of the FAC, PIIC states that this paragraph calls for a legal conclusion to which no response is required or made.  To the extent a response is deemed necessary, PIIC denies the allegations contained in Paragraph 85.

86.     Answering Paragraph 86 of the FAC, PIIC states that this paragraph calls for a legal conclusion to which no response is required or made.  To the extent a response is deemed necessary, PIIC denies the allegations contained in Paragraph 86.

## AFFIRMATIVE DEFENSES

By way of affirmative defenses, PIIC alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.     As a first separate affirmative defense to the FAC, and to each and every cause of action contained therein, the Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted against PIIC.

## SECOND AFFIRMATIVE DEFENSE

### (Policy Terms, Exclusions, Conditions and Limitations)

2.     As a second separate affirmative defense to the FAC, and to each and every cause of action contained therein, the claims against PIIC are barred, in whole or in part, by the terms, exclusions, conditions and limitations contained in PIIC's policies at issue.

## THIRD AFFIRMATIVE DEFENSE

### (Breach of and/or Failure to Comply with Policy Terms)

3.     As a third separate affirmative defense to the FAC, and to each and every cause of action contained therein, the claims against PIIC are barred, in whole or in part, to the extent that Cambria breached and/or failed to comply with and/or perform all of the terms and conditions of the PIIC policies at issue.

/ / /

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

### (Claims Not Constituting "Bodily Injury")

4.      As a fourth separate affirmative defense to the FAC, and to each and every cause of action contained therein, the claims against PIIC are barred, in whole or in part, to the extent they do not seek damages because of "bodily injury" occurring during PIIC's policy periods.

## FIFTH AFFIRMATIVE DEFENSE

### (Pollution Exclusion)

5.      As a fifth separate affirmative defense to the FAC, and to each and every cause of action contained therein, the claims against PIIC are barred by pollution exclusions in PIIC's policies.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

6.      As a sixth separate affirmative defense to the FAC, and to each and every cause of action contained therein, the claims asserted against PIIC are barred, in whole or in part, to the extent that Cambria has failed to mitigate, minimize or avoid any loss they allegedly sustained, and any recovery against PIIC must be reduced by that amount.

## SEVENTH AFFIRMATIVE DEFENSE

### (Policy Limits)

7.      As a seventh separate affirmative defense to the FAC, and to each and every cause of action contained therein, any loss sustained by Cambria and covered under the PIIC policies at issue is subject to the applicable limits of liability of the PIIC policies.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Join Necessary Parties)

8.      As an eighth separate affirmative defense to the FAC, and to each and every cause of action contained therein, PIIC asserts Cambria has failed to join all necessary parties for a full and complete adjudication of Cambria's claims as asserted in its FAC in that Cambria has failed to join its other insurers whose policies present similar, if not the

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

same, coverage issues regarding application of the pollution exclusions to bar coverage for the Bodily Injury Lawsuits.

### NINTH AFFIRMATIVE DEFENSE

#### (Additional Affirmative Defenses)

9. As a ninth separate affirmative defense to the FAC, and to each and every cause of action contained therein, PIIC reserves the right to assert additional affirmative defenses as may become appropriate as the litigation proceeds.

### PRAYER

WHEREFORE, having fully answered Plaintiff's FAC, and having asserted affirmative defenses thereto, PIIC respectfully prays for judgment against Plaintiff as follows:

1. That Cambria take nothing against PIIC by reason of the FAC filed herein:

2. That this Court adjudge, determine and decree that Cambria is not entitled to the relief sought in its FAC;

3. That Cambria is not entitled to costs of suit or any other relief sought in its FAC;

4. That this Court adjudge, determine and decree that PIIC is entitled to its costs and disbursements incurred in this action; and

5. For such other and further relief as this Court deems just and proper.


Respectfully submitted,

Dated: June 4, 2025 **TRESSLER LLP**

By: */s/ Linda Bondi Morrison*
Linda Bondi Morrison
Samantha K. Shafer
*Attorneys for Defendant*
*Philadelphia Indemnity Insurance Company*

13

PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT