William S. Bennett, Esq. (SBN 315537)
wbennett@sdvlaw.com
Kyle A. Rudolph (SBN323308)
krudolph@sdvlaw.com
**SAXE DOERNBERGER & VITA, P.C.**
One BetterWorld Circle, Suite 300
Temecula, CA 92590
Tel: (951) 365-3145

John Gibbons, Esq. (*Pro Hac Vice*)
**BLANK ROME**
1825 Eye Street NW
Washington, D.C. 20006
Tel: (202) 420-2200

Bryan R. Freeman, Esq. (*Pro Hac Vice*)
bryan.freeman@maslon.com
Judah A. Druck, Esq. (*Pro Hac Vice*)
judah.druck@maslon.com
**MASLON LLP**
225 South 6th Street, Suite 2900
Minneapolis, MN 55402
Tel: (612) 672-8200

Attorneys for Plaintiff
CAMBRIA COMPANY LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMBRIA COMPANY LLC<br><br>     Plaintiff,<br><br>     vs.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>     Defendant. | Case No:  2:24-cv-01913<br>Assigned to:<br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**PLAINTIFF CAMBRIA COMPANY LLC's OPPOSITION TO DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S MOTION FOR RECONSIDERATION OF THE COURT'S SUMMARY JUDGMENT ORDER**<br><br>**Date: May 14, 2026**<br>**Time: 10:00 a.m.**<br>**Dept: 8B** |

# TABLE OF CONTENTS

INTRODUCTION ...............................................................**Error! Bookmark not defined.**

ARGUMENT......................................................................**Error! Bookmark not defined.**

I.   PIIC Has Failed to Demonstrate That Reconsideration is Warranted.  **Error! Bookmark not defined.**

   A.   Legal Standards for Reconsideration. ..............................**Error! Bookmark not defined.**

   B.   PIIC's Motion Fails to Satisfy L.R. 7-18(c) and Asserts Arguments Already Briefed by the Parties and Considered by the Court. ..................................**Error! Bookmark not defined.**

      *1.   Connection to California.................................................**Error! Bookmark not defined.***

      *2.   The Court Appropriately Recognized the Nature of this Litigation. ..**Error! Bookmark not defined.***

      *3.   The "Total Pollution Exclusion.".................................**Error! Bookmark not defined.***

      *4.   The Villa Los Alamos Decision. ....................................**Error! Bookmark not defined.***

II.   The Court Should Reject PIIC's Request for an Interlocutory Appeal. .....**Error! Bookmark not defined.**

   A.   Interlocutory Appeals Are Disfavored. ............................**Error! Bookmark not defined.**

   B.   PIIC Cannot Meet Its Weighty Burden To Show Interlocutory Appeal Is Warranted In This Routine Insurance-Coverage Case. ...................................**Error! Bookmark not defined.**

      *1.   PIIC Does Not Present A Controlling Question of Law.***Error! Bookmark not defined.***

      *2.   PIIC Does Not Demonstrate A Substantial Ground for Difference of Opinion...**Error! Bookmark not defined.***

      *3.   Immediate Appeal Would Not Materially Advance the Termination of the Litigation.***Error! Bookmark not defined.***

III.   Partial Final Judgment Under FRCP 54(b) is Improper. ........**Error! Bookmark not defined.**

CONCLUSION....................................................................**Error! Bookmark not defined.**

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

2:21-cv-03886-MEMF (Ex),
    2023 WL 10423264 (C.D. Cal. Dec. 28, 2023) ............................................................................. 3

4:10-CV-26 RM,
    2011 WL 13239220 (N.D. Ind. May 13, 2011).............................................................................. 9

Ace Am. Ins. Co. v. RC2 Corp., Inc., 07 C 5037, 2008 WL 4922596, at *3 (N.D. Ill. Nov. 13, 2008),
    07 C 5037,
    2008 WL 4922596 (N.D. Ill. Nov. 13, 2008)................................................................................ 9

130 Cal. Rptr.......................................................................................................................................... 7

*Ahrenholz v. Bd. of Trustees of Univ. of Ill.*,
    219 F.3d 674 (7th Cir. 2000).......................................................................................................... 9

*Allen v. ConAgra Foods, Inc.*,
    No. 3:13-cv-01279-WHO, 2019 WL 1466889 (N.D. Cal. Feb. 6, 2019) ...................................... 12

*Allstate Ins. Co. v. Nichols*,
    No. 05 CV 1603-B(NLS), 2006 WL 8455566 (S.D. Cal. Nov. 17, 2006)....................................... 10

*Cambria Co. LLC v. Philadelphia Indem. Ins. Co.*,
    No. 2:24-CV-01913-MEMF-MRW, 2025 WL 945575 (C.D. Cal. Jan. 9, 2025)............................ 1

*Capaci v. Sports Rsch. Corp.*,
    No. CV 19-3440 FMO (FFMx), 2023 WL 11916241 (C.D. Cal. Mar. 26, 2023) ........................... 2

*Carolina Cas. Ins. Co. v. Helsley*,
    No. 1:10-cv-916-LJO-MJS, 2011 WL 121576 (E.D. Cal. Jan. 13, 2011) ..................................... 14

*Carpenter v. Opportunity Financial, LLC*,
    No. 2:21-cv-09875-FLA (Ex), 2023 WL 12214995 (C.D. Cal. June 20, 2023) ............................. 6

*Carroll v. Nakatani*,
    342 F.3d 934 (9th Cir. 2003)......................................................................................................... 2

*Cent. Valley Chrysler-Jeep v. Witherspoon*,
  No. CVF046663RECLJO, 2005 WL 3470653 (E.D. Cal. Dec. 19, 2005) ................................... 12

*Chen v. Los Angeles Truck Centers, LLC*,
  444 P.3d 727 (Cal. 2019) ........................................................................................................... 11

*Chrome Hearts LLC v. Misguided Retail Limited*,
  No. 2:21-cv-06581-MEMF-AGR, 2022 WL 21694027 (C.D. Cal. Nov. 11, 2022)........................ 4

*City of San Diego v. Monsanto Co.*,
  310 F. Supp. 3d 1057 (S.D. Cal. 2018) ....................................................................................... 9

*Cont'l Cas. Co. v. Glob. Allies, LLC*,
  No. 2:11-cv-03237-MCE-KJN, 2012 WL 5289315 (E.D. Cal. Oct. 24, 2012) ........................... 14

*Couch v. Telescope Inc.*,
  611 F.3d 629 (9th Cir. 2010)............................................................................................ 8, 11, 12

*Curtiss–Wright Corp. v. Gen. Elec. Co.*,
  446 U.S. 1 (1980) ...................................................................................................................... 14

*Dolphin Inc. v. AIG Specialty Ins. Co.*,
  No. CV-19-05161-PHX-DJH, 2021 WL 11886101 (D. Ariz. June 8, 2021).................................. 9

*EFK Invs., LLC v. Peerless Ins.*,
  No. 13-CV-5910 YGR, 2014 WL 4802920 .................................................................................. 5

*Eisai Inc. v. Zurich Am. Ins. Co.*,
  Civil Action No. 12-7208 (ES), 2015 WL 113372 (D.N.J. Jan. 8, 2015)...................................... 9

*Endurance Am. Specialty Ins. Co. v. Brown, Miclette & Britt, Inc.*,
  Civil Action No. H-09-2307, 2010 WL 816710 (S.D. Tex. Mar. 4, 2010)..................................... 9

*Evans v. DSW, Inc.*,
  No. CV 16-03791 JGB (SPx), 2019 WL 91835 (C.D. Cal. Jan. 2, 2019)...................................... 2

*Faulkner v. Cnty. of Riverside*,
  No. 5:24-cv-00424-ODW-JDE, 2025 WL 2683979 (C.D. Cal. Aug. 21, 2025) ............................ 7

*Great Am. Assurance Co. v. MS Indus. Sheet Metal, Inc.*,
  No. SACV 11-754-JST (MLGx), 2012 WL 13018550 (C.D. Cal. Jan 31, 2012)........................... 5

*Great Am. Ins. Co. v. Superior Court*,
  100 Cal. Rptr. 3d 258 (Cal. Ct. App. 2009) ............................................................................... 14

*Harleysville Lake States Ins. Co. v. Granite Ridge Builders, Inc.*,
  No. 1:06-CV-397, 2007 WL 1662676 (N.D. Ind. June 7, 2007) ................................................. 13

*Ignacio Ixta, Jr. v. Cnty. of Ventura*,
  No. 2:22-cv-02468-MCS-AFM, 2024 WL 650195 (C.D. Cal. Feb. 2, 2024)................................. 2

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION

iv

*In re Cement Antitrust Litig. (MDL No. 296),*
    673 F.2d 1020 (9th Cir. 1981) ................................................................................. 8, 12

*In re LDK Solar Sec. Litig.,*
    584 F. Supp. 2d 1230 (N.D. Cal. 2008) ...................................................................... 8

*James v. Price Stern Sloan, Inc.,*
    283 F.3d 1064 (9th Cir. 2002) .................................................................................... 8

*Kinsale Ins. Co. v. VBC Madison LP,*
    No. 2:24-cv-02168-LK, 2025 WL 3628292 (W.D. Wash. Dec. 15, 2025) ................. 13

*Kona Enters., Inc. v. Estate of Bishop,*
    229 F.3d 877 (9th Cir. 2000) ...................................................................................... 2

*Lexington Ins. Co. v. Bd. of Ed. of Lake Forest Cmty. High Sch. Dist. 115,*
    No. 11 C 556, 2012 WL 74778 (N.D. Ill. Jan. 10, 2012) .......................................... 13

*MacKinnon v. Truck Ins. Exch.,*
    73 P.3d 1205 (Cal. 2003) ............................................................................................ 5

*Monti v. Dep't of Indus. Rels., State of Cal.,*
    582 F.2d 1226 (9th Cir. 1978) .................................................................................... 7

*Montrose Chem. Corp. v. Admiral Ins. Co.,*
    913 P.2d 878 (Cal. 1995) .......................................................................................... 13

*Montrose Chem. Corp. v. Superior Court,*
    861 P.2d 1153 (Cal. 1993) ........................................................................................ 13

*Munchkin, Inc. v. Playtex Prods., LLC,*
    No. CV11-0503, 2012 WL 12886212 (C.D. Cal. Nov. 16, 2012) ............................... 6

*Nightlife Partners, Ltd. v. City of Beverly Hills,*
    73 F. App'x 278 (9th Cir. 2003) .................................................................................. 7

*Prudential Prop. & Cas. Co. Ins. Co. v. Calvo,*
    700 F. Supp. 1104 (S.D. Fla. 1988) .......................................................................... 14

*Rieve v. Coventry Health Care, Inc.,*
    870 F. Supp. 2d 856 (C.D. Cal. 2012) ....................................................................... 10

*Rowe v. Bankers Life & Cas. Co.,*
    No. CV-07-1281-PHX-MHM, 2008 WL 5156077 (D. Ariz. Dec. 9, 2008) ............... 10

*Sams v. California Dep't of Corr. & Rehab.,*
    No. 5:21-cv-00493-ODW-JDE, 2021 WL 6618626 (C.D. Cal. Aug. 19, 2021) .......... 6

*Shen v. Tricolor California Auto Grp., LLC,*
    No. CV 20-7419 PA (AGRx), 2021 WL 1153361 (C.D. Cal. Feb. 11, 2021) ........... 7, 8

*State Farm Fire & Cas. Co. v. Poomaihealani*,
667 F. Supp. 705 (D. Haw. 1987) ................................................................ 13

*Strauss v. Sheffield Ins. Corp.*,
No. 05CV1310–H(CAB), 2006 WL 6158770 (S.D. Cal. June 23, 2006)..................................... 11

*Tetra Tech EC, Inc. v. AIG Specialty Ins. Co.*,
No. 24-cv-06367-WHO, 2025 WL 3022671 (N.D. Cal. Oct. 29, 2025)........................................ 8

*Texaco, Inc. v. Ponsoldt*,
939 F.2d 794 (9th Cir. 1991)........................................................ 15

*Travelers Prop. Cas. Co. of Am. v. New York Radiation Therapy Mgmt. Servs., Inc.*,
No. 09CIV694(NRB), 2009 WL 2850691 (S.D.N.Y. Aug. 31, 2009) ........................................ 13

*U.S. v. Wen-Bing Soong*,
Nos. C-13-4088 EMC, C-13-4089 EMC, 2014 WL 988632 (N.D. Cal. Mar. 10, 2014).............. 10

*Villa Los Alamos Homeowners Ass'n. v. State Farm Gen. Ins. Co.*,
130 Cal. Rptr. 3d 374 (Cal. Ct. App. 2011) ...................................................... 6

*Wash. Mut. Bank, FA v. Superior Court*,
15 P.3d 1071 (Cal. 2000) ................................................................ 5

*Wells Dairy, Inc. v. Travelers Indem. Co. of Ill.*,
241 F. Supp. 2d 945 (N.D. Iowa 2003) .......................................................... 13

*Williams v. Alameda Cnty.*,
657 F. Supp. 3d 1250 (N.D. Cal. 2023) ........................................................ 9, 10

*Woulfe v. Universal City Studios LLC*,
No. 2:22-cv-00459-SVW-AGR, 2023 WL 3321752 (C.D. Cal. Mar. 9, 2023)............................ 2

## <u>Statutes</u>

28 U.S.C. § 1292............................................................................ passim

## <u>Rules</u>

Federal Rule of Civil Procedure 54(b)...................................................... 1, 14, 15

**<u>INTRODUCTION</u>**

Defendant Philadelphia Indemnity Insurance Company's ("PIIC") Motion for Reconsideration fails because PIIC does nothing more than repeat the same arguments that it made to the Court in its summary judgment briefing, which the Court considered and rejected. This is not a proper basis for reconsideration. *Cambria Co. LLC v. Philadelphia Indem. Ins. Co.*, No. 2:24-CV-01913-MEMF-MRW, 2025 WL 945575, at *2 (C.D. Cal. Jan. 9, 2025) ("A motion for reconsideration may not be used to reargue the motion or present evidence that should have been presented prior to the entry of judgment."). PIIC does not come close to making out "a manifest showing of a failure to consider material facts presented to the Court" under Local Rule 7-18(c). Partial summary judgment on the duty to defend was thoroughly briefed and argued, with the Court issuing a lengthy and well-reasoned opinion evaluating PIIC's arguments. Ultimately, PIIC simply disagrees with the Court's ruling. Thus, PIIC's bid for reconsideration should be denied.

The Court should also deny PIIC's requests that the Court certify an interlocutory appeal or enter partial final judgment under Rule 54(b). Piecemeal appeals are highly disfavored in the Ninth Circuit and, thus, interlocutory appeals are rare and reserved for exceptional circumstances. PIIC cannot show exceptional circumstance here, as to the Court's ruling on PIIC's duty to defend under a commercial general liability policy. Duty-to-defend rulings are the ordinary stuff of insurance-coverage litigation. Choice-of-law decisions are also common in commercial litigation, including insurance litigation. If dissatisfaction with such rulings were sufficient to permit interlocutory appeals, certification would be granted by federal courts hundreds, if not thousands, of times each year. Interlocutory appeal, however, is the rare exception, not the rule.

It is time for PIIC to defend Cambria and pay its past and ongoing defense costs in the underlying litigation. That is what PIIC agreed to do when it sold Cambria liability insurance with a coverage territory defined as anywhere in the United States, including California.

**<u>ARGUMENT</u>**

**I.    PIIC Has Failed to Demonstrate That Reconsideration is Warranted.**

A.    <u>Legal Standards for Reconsideration.</u>

Under Local Rule 7-18, a motion for reconsideration may be made only on the grounds of:

---

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered….

The only standard PIIC invokes in its Motion is (c). (PIIC's Mot. ("Mot."), at 1, Dkt. No. 95.) Under Local Rule 7-18(c), a "manifest showing" of the failure to consider facts is required because Rule 7-18 expressly states that "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." *Id.* As explained herein, PIIC violates this prohibition at every turn.

"[R]econsideration is not a second bite at the apple" and "mere disagreement with the court's application of law to facts is not a manifest showing of a failure to consider material facts by the court." *Capaci v. Sports Rsch. Corp.*, No. CV 19-3440 FMO (FFMx), 2023 WL 11916241, at *3 (C.D. Cal. Mar. 26, 2023) (quotations omitted); *Woulfe v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR, 2023 WL 3321752, at *1 (C.D. Cal. Mar. 9, 2023) ("A court should not experience déjà vu when reviewing a motion for reconsideration.").

Legal challenges are similarly inappropriate and irrelevant under Local Rule 7-18(c). *See, e.g.*, *Ignacio Ixta, Jr. v. Cnty. of Ventura*, No. 2:22-cv-02468-MCS-AFM, 2024 WL 650195, at *3 (C.D. Cal. Feb. 2, 2024) ("[L]egal disagreements with the Court's application of law to the facts is insufficient to warrant reconsideration under Local Rule 7-18(c)."); *Evans v. DSW, Inc.*, No. CV 16-03791 JGB (SPx), 2019 WL 91835, at *4 (C.D. Cal. Jan. 2, 2019) ("A motion for reconsideration may not be based on a party's disagreement with a court's application of legal precedent.").

As a result, a motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quotations omitted); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (motion for reconsideration "should not be granted, absent highly unusual circumstances") (quotations omitted). As this Court has recognized, "motions for reconsideration are

rarely granted." *Weyerhaeuser Co. v. AIG Prop. Cas., Inc.*, No. 2:21-cv-03886-MEMF (Ex), 2023 WL 10423264, at *6 (C.D. Cal. Dec. 28, 2023).

        B.      <u>PIIC's Motion Fails to Satisfy L.R. 7-18(c) and Asserts Arguments Already Briefed by the Parties and Considered by the Court.</u>

As a simple threshold matter, PIIC seeks reconsideration under L.R. 7-18(c), but does not attempt to make the necessary showing—let alone a *manifest* showing—that the Court's Order failed to consider "material facts presented to the Court." PIIC does not identify a single "material fact" that the Court ignored. There is no demonstration of that and, accordingly, PIIC's Motion fails at the outset under the plain language of L.R. 7-18(c).

What PIIC does put forth in requesting reconsideration is the same set of arguments PIIC already advanced in its summary judgment briefing and which were considered and rejected by the Court. In doing so, PIIC violates the Local Rules' prohibition against repeating the same arguments it made in its summary judgment briefing. L.R. 7-18. Nevertheless, each argument is addressed in turn.

        1.      *Connection to California.*

PIIC's main argument is that there is insufficient record evidence connecting Cambria to California in the 2000-2002 time period of PIIC's insurance policies. (Mot. at 5-7.) PIIC contends Minnesota's interests outweigh those of California, focusing on certain references to Minnesota in the PIIC policies. PIIC's argument fails.

*First* and most simply, PIIC made this argument already, and *repeatedly*, in its two summary judgment briefs to the Court. (Mot. for Summ. J., at 5-6, 17, 19, 32, Dkt. No. 72.) Cambria responded to PIIC's arguments thoroughly. (*Id*. at 22-23, 24, 42.) Indeed, the Court expressly addressed PIIC's arguments in ruling on the Parties' cross-motions:

> PIIC's main argument in favor of the application of Minnesota law is that it would do more to protect the parties' expectations. It notes that it is undisputed that, for about a decade after the issuance of the relevant insurance policies, Cambria was not doing business in California. PIIC notes evidence to support the idea that the parties intended to avail themselves of Minnesota law, including the insurance policies' listing of Cambria's mailing address as a Minnesota address, the locations scheduling listing Minnesota premises, the policies containing endorsements described as "Minnesota changes," and the three automobiles garaged at Minnesota locations. These facts may well show

> that PIIC contemplated that Cambria was Minnesota-based at the time it issued Cambria the relevant insurance policies. But it does not logically follow that, because Cambria was Minnesota-based, it is reasonable to expect all of its contracts to necessarily be confined to Minnesota. The parties themselves seemed to contemplate this. As Cambria notes, the parties chose to define the insurance policies' "coverage territory" as "the United States of America." The parties' own bargained-for definition of coverage territory is more determinative of the anticipated coverage territory than the indicators that merely pointed to Cambria's presence in Minnesota . . . .

(Summ. J. Order ("Order"), at 15-16, Dkt. No. 94.)

It could not be more clear that PIIC's main argument for reconsideration is nothing more than re-argument.[1] It is in direct violation of Local Rule 7-18 and should be rejected. *See, e.g., Chrome Hearts LLC v. Misguided Retail Limited*, No. 2:21-cv-06581-MEMF-AGR, 2022 WL 21694027, at *2 (C.D. Cal. Nov. 11, 2022) ("[A]ll of these material facts or allegations were considered by the Court and discussed in its Order. . . . As a result, Chrome Heart fails to show that there was a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.").

*Second*, PIIC's argument fails because PIIC wrongly flips the Parties' burdens on their head. As the Court recognized, it was *PIIC's burden* to demonstrate that Minnesota law applied:

> *Nor has PIIC carried its burden* of establishing that Minnesota law would be more appropriate—it does not appear to have created a comprehensive factual record on the parties' expectations at the time that the insurance policies were issued (for example, on facts regarding where the contract was negotiated or signed, or the existence of Cambria's interstate operations at the time it secured insurance coverage). For that reason, this Court looks to the parties' coverage territory—the United States—and the relevant location of harm—done in California, to California residents—to find that California's interest is greater than that of Minnesota's.

(Order at 16 (emphasis added).) Here, PIIC does not even try to demonstrate with legal authority that Cambria had a burden to put factual evidence in the record regarding its sales or the re-sale of its products to third parties. No such authority for PIIC's faulty premise exists. PIIC had the burden to

---

[1] PIIC is simply wrong that "the Court appeared to have dismissed many of the Minnesota-specific provisions" in PIIC's Policies. (Mot. at 7.) The Court considered the handful of Minnesota references in each Policy and rightly recognized that many were in relation to the undisputedly irrelevant auto insurance provided in the "Commercial Lines" policies issued by PIIC. (Order at 15 n.5.)

---

show that Minnesota law applied, *Wash. Mut. Bank, FA v. Superior Court*, 15 P.3d 1071, 1081 (Cal. 2000), and PIIC failed to carry its burden, plain and simple.

### 2.    *The Court Appropriately Recognized the Nature of this Litigation.*

PIIC next argues that the Court should "consider that the dispute before the Court is not a tort action between fabricators seeking redress for their alleged bodily injury claims….[r]ather, the dispute before the Court is a contract-interpretation dispute between PIIC and its former insured, Cambria." (Mot. at 10.) In re-arguing for Minnesota law, PIIC points to Cambria's principal place of business in Minnesota, certain Minnesota locations identified in the Policies, and "Minnesota-specific endorsements and forms." (*Id.*) But this is all more of the same. And PIIC cites no law for its unduly narrow construction of the governmental interest test.

Here, the Court conducted a fulsome choice-of-law analysis under the governmental interest test consistent with California law. And the Court did clearly recognize that this is an insurance-coverage case, which is why the Court emphasized the insurance policies' nationwide coverage territory and that "[t]his case implicates conduct in California" because "[t]he Bodily Injury Lawsuits are pending across California courts, and the disposition of this suit concerns whether PIIC has a duty to defend Cambria" in those California suits. (Order at 13.) PIIC is just plain wrong in suggesting the Court misunderstood the nature of this insurance litigation.

### 3.    *The "Total Pollution Exclusion."*

PIIC next argues the Court "overlooked" the supposed "material differences" between the Absolute Pollution Exclusion at issue in *MacKinnon v. Truck Ins. Exch.,* 73 P.3d 1205, 1210 (Cal. 2003), and the Total Pollution Exclusion in PIIC's Policies. (Mot. at 11-12.)

This issue was addressed by the Parties in the briefing. Cambria explained in its opening brief: "*MacKinnon* applies to the Total Pollution Exclusion," citing two federal California caselaw saying just that. (Mot. for Summ. J., at 25 n.9, 43.) *See Great Am. Assurance Co. v. MS Indus. Sheet Metal*, *Inc.*, No. SACV 11-754-JST (MLGx), 2012 WL 13018550, at *3 (C.D. Cal. Jan 31, 2012) (pollution exclusion in *MacKinnon* was "materially identical" to the Total Pollution Exclusion, stating "*MacKinnon* and its progeny controls"); *EFK Invs., LLC v. Peerless Ins.*, No. 13-CV-5910 YGR, 2014 WL 4802920, at *5 (N.D. Cal. Sept. 26, 2014 ("The California Supreme Court in *MacKinnon*

interpreted a pollution exclusion provision that is essentially identical to the one at issue here."). PIIC disagreed. (Mot. Summ. J., at 34, 43.) The Court rightly applied *MacKinnon*. The fact that the Court did not discuss this issue at length is of no moment, as courts have "no obligation to list every fact and argument considered." *Carpenter v. Opportunity Financial, LLC*, No. 2:21-cv-09875-FLA (Ex), 2023 WL 12214995, at *3 (C.D. Cal. June 20, 2023). The Court's determination also aligns with other recent rulings from this District concerning the same underlying tort liability cases, which held that the pollution exclusion did not eliminate the insurers' duties to defend. (*See infra* pg. 12.)

PIIC's argument should be rejected because PIIC is improperly recycling the same argument over again. PIIC's argument violates Local Rule 7-18, and it fails on the merits as well.

### 4.      *The Villa Los Alamos Decision.*

Finally, PIIC argues the Court's analysis was "incomplete" because it did not address *Villa Los Alamos Homeowners Ass'n. v. State Farm Gen. Ins. Co.*, 130 Cal. Rptr. 3d 374 (Cal. Ct. App. 2011). (Mot. at 12-13.)

To start, "this argument is a legal one: it is based on a claimed error by the court and an alleged failure to consider legal precedent, not 'material facts.'" *Munchkin, Inc. v. Playtex Prods., LLC*, No. CV11-0503, 2012 WL 12886212, at *1 (C.D. Cal. Nov. 16, 2012); *see also Sams v. California Dep't of Corr. & Rehab.*, No. 5:21-cv-00493-ODW-JDE, 2021 WL 6618626, at *4 (C.D. Cal. Aug. 19, 2021) ("Plaintiff's mere dissatisfaction with the Court's [] Order or disagreement with the Court's application of the governing legal authority are not proper grounds upon which to seek reconsideration."). Reconsideration under Local Rule 7-18(c) because of the supposed failure to consider *Villa Los Alamos* is improper.

Additionally, *Villa Los Alamos* was discussed at length by the Parties in their summary-judgment briefing, with PIIC repeating the same arguments it now claims the Court overlooked. (*See* Mot. Summ. J., at 14, 26, 44.) As explained above, "Local Rule 7-18(c) does not apply" merely because the Order did not discuss each and every argument and citation provided by PIIC. *Carpenter*, 2023 WL 12214995, at *3. It also does not permit reconsideration based on the same arguments already advanced in the underlying motion.

---

Finally, even if it were proper to reach the merits again (it is not), *Villa Los Alamos* is readily distinguishable. There, as Cambria previously explained, the court found asbestos to be a pollutant under a non-liability policy where it was widely disbursed throughout the air within a three-story apartment complex and outside of the building into adjoining outdoor spaces and streets. 130 Cal. Rptr. at 387. Nothing like that is alleged in the underlying Bodily Injury Lawsuits.

***

"[D]isagreement or unhappiness with a ruling is not a proper basis upon which to seek reconsideration." *Faulkner v. Cnty. of Riverside*, No. 5:24-cv-00424-ODW-JDE, 2025 WL 2683979, at *4 (C.D. Cal. Aug. 21, 2025). As illustrated above, PIIC's Motion for Reconsideration fails to raise any of the requisite grounds for consideration under Local Rule 7-18(c). The Court should therefore deny PIIC's Motion in its entirety.

## II.    The Court Should Reject PIIC's Request for an Interlocutory Appeal.

In the alternative to reconsideration, PIIC requests that the Court certify the Order for immediate appeal under 28 U.S.C. § 1292(b). (Mot. at 13-21.) The Court should reject PIIC's request.

### A.    Interlocutory Appeals Are Disfavored.

The Court's partial summary judgment ruling that PIIC has a duty to defend Cambria is not immediately appealable as matter of right because it is an interlocutory order which is not final as to all claims. Cambria's damages claim for unpaid, past defense costs remain, as does Cambria's claim for bad faith. Cambria's claim that PIIC has a duty to indemnify Cambria for any underlying settlements or judgments triggering PIIC's Policies also remain.

Appellate review of interlocutory orders is "highly disfavored" in light of the fundamental policy against piecemeal litigation. *Shen v. Tricolor California Auto Grp., LLC*, No. CV 20-7419 PA (AGRx), 2021 WL 1153361, at *2 (C.D. Cal. Feb. 11, 2021); *Monti v. Dep't of Indus. Rels., State of Cal.*, 582 F.2d 1226, 1228 (9th Cir. 1978) ("The exception to the congressionally established policy against piecemeal appeals embodied in § 1292(a)(1) is a narrow one keyed to the need to permit litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence.") (internal quotations omitted); *Nightlife Partners, Ltd. v. City of Beverly Hills*, 73 F. App'x 278 (9th

Cir. 2003) ("[W]e decline to interpret 28 U.S.C. § 1292 so broadly as to allow an interlocutory appeal that would inevitably result in piecemeal review.").

Certification of an interlocutory should be used sparingly and only in exceptional circumstances. *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1027 (9th Cir. 1981); *see James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). Under 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that [1] such order involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [the court] shall so state in writing in such order.

As the party seeking appeal, PIIC has the burden to meet the requirements of § 1292(b). *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). And "even if all three requirements in section 1292(b) are satisfied, 'a district court still has the discretion in deciding whether or not to grant a party's motion for certification.'" *Shen*, 2021 WL 1153361, at *2 (quoting *In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1258 (N.D. Cal. 2008)). Simply re-raising arguments that express disagreement with how the Court applied the law does not warrant an interlocutory appeal. *See Tetra Tech EC, Inc. v. AIG Specialty Ins. Co.*, No. 24-cv-06367-WHO, 2025 WL 3022671, at *3 (N.D. Cal. Oct. 29, 2025) (denying to grant certification for an interlocutory appeal where movant "re-raise[d] arguments to assert its view that" the court incorrectly applied California law).

### B. PIIC Cannot Meet Its Weighty Burden To Show Interlocutory Appeal Is Warranted In This Routine Insurance-Coverage Case.[2]

Put simply, PIIC's request for certification should be denied because there is nothing exceptional about the Court's partial summary judgment ruling declaring PIIC's duty to defend Cambria in the underlying California litigation. Courts rule on insurers' defense obligations to their insureds nearly every day in this country. Policies including commercial general liability insurance,

---

[2] Local Rule 7-3 requires a movant to meet and confer with the opposing party prior to the filing its motion. Here, PIIC never raised the issue of an interlocutory appeal with Cambria, as the Parties' March 24, 2026 meet and confer was limited to the subject of seeking reconsideration. (Freeman Decl. ¶¶ 2-3; Druck Decl. ¶¶ 2-3.) PIIC's failure to confer with Cambria before seeking this relief is an independent basis for denial. *See* Local Rule 7-4 ("The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3").

like that in PIIC's policies, are commonplace. So is litigation over pollution exclusions. Indeed, *MacKinnon* is well settled law and countless decisions have applied its traditional-environmental-pollution standard since the decision was issued more than 20 years ago. If PIIC's position were right, interlocutory appellate review of duty-to-defend rulings would be regularly granted in insurance-coverage cases.

They are not. *See Ace Am. Ins. Co. v. RC2 Corp., Inc.*, No. 07 C 5037, 2008 WL 4922596, at *3 (N.D. Ill. Nov. 13, 2008) (rejecting insurer's argument that an immediate appeal will materially advance the ultimate termination of the litigation, finding that the fact that a successful appeal on duty to defend and indemnity issues would speed up resolution of the case was not "exceptional"); *Endurance Am. Specialty Ins. Co. v. Brown, Miclette & Britt, Inc.*, Civil Action No. H-09-2307, 2010 WL 816710, at *2 (S.D. Tex. Mar. 4, 2010) (denying motion for interlocutory appeal on ruling that insurer owed a duty to defend for failure to identify a controlling question of law or a substantial ground for difference of opinion where it was well-settled that where a complaint potentially includes a covered claim, the insurer must defend); *Lafayette Life Ins. Co. v. Arch Ins. Co.*, 4:10-CV-26 RM, 2011 WL 13239220, at *1 (N.D. Ind. May 13, 2011) (ruling that interpretation of the policy to determine whether insurer could deny a defense was not an "abstract" legal issue warranting immediate appeal); *Eisai Inc. v. Zurich Am. Ins. Co.*, Civil Action No. 12-7208 (ES), 2015 WL 113372, at *6 (D.N.J. Jan. 8, 2015) (ruling that the fact that other courts reached a different conclusion on similar, but distinguishable, facts does not establish a substantial ground for difference of opinion on whether insurer had a duty to defend); *Dolphin Inc. v. AIG Specialty Ins. Co.*, No. CV-19-05161-PHX-DJH, 2021 WL 11886101, at *2-4 (D. Ariz. June 8, 2021) (denying certification for interlocutory appeal upon finding that a bad faith claim against insurer would remain even if the Ninth Circuit reversed court's summary judgment ruling on the insurer's duty to defend).

        1.     *PIIC Does Not Present A Controlling Question of Law.*

The *first* requirement for certification under § 1292(b) is that the Court's order involved a "controlling question of law." While the movant need not show that the issue proposed for appeal is dispositive of the lawsuit, the question generally must present a pure legal question rather than a mixed question of law and fact. *Williams v. Alameda Cnty.*, 657 F. Supp. 3d 1250, 1254 (N.D. Cal. 2023);

*see City of San Diego v. Monsanto Co.*, 310 F. Supp. 3d 1057, 1065 (S.D. Cal. 2018) (collecting cases); *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675-77 (7th Cir. 2000) ("'question of law' means an abstract legal issue rather than an issue of whether summary judgment should be granted"). The application of a "legal standard to the facts of the case[] is not by itself appropriate for certification." *Williams*, 657 F. Supp. 3d at 1254. Interlocutory appeal is generally appropriate only for questions that "the court of appeals [can] decide quickly and cleanly without having to study the record." *Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d 856, 879 (C.D. Cal. 2012) ) (quotation omitted).

PIIC does not meet the controlling-question-of-law requirement because the issues on which PIIC seeks review are not the kind of pure questions of law on which interlocutory appeals should be taken. Indeed, PIIC's own brief and re-hashed arguments for reconsideration make clear that PIIC's choice-of-law arguments are grounded in its (misguided) interpretation of the record PIIC put before the Court. (*See* Mot. at 7-10, 15.) The application of choice-of-law rules to the facts presents "a mixed question of law and fact." *Allstate Ins. Co. v. Nichols*, No. 05 CV 1603-B(NLS), 2006 WL 8455566, at *3 (S.D. Cal. Nov. 17, 2006). Because PIIC's position is grounded in its contention that the Court has misapplied the facts to the law, § 1292(b) does not provide relief. *See U.S. v. Wen-Bing Soong*, Nos. C-13-4088 EMC, C-13-4089 EMC, 2014 WL 988632, at *1 (N.D. Cal. Mar. 10, 2014) (denying certification for an interlocutory appeal where the movant failed to identify a controlling issue of law in part because movant was "simply arguing that the Court misapplied the existing law to the facts at hand").

Furthermore, interlocutory appeal is not appropriate when rejection of one theory on appeal leaves another theory available to reach the same result. *Rowe v. Bankers Life & Cas. Co.*, No. CV-07-1281-PHX-MHM, 2008 WL 5156077, *2 (D. Ariz. Dec. 9, 2008). Here, Cambria does not agree that the application of Minnesota law would lead to a different outcome in this case. While California law and Minnesota law are not identical in interpreting the Total Pollution Exclusion, the Court rightly recognized that "Minnesota and California binding authority point to similar factors" in interpreting pollution exclusions and that both Minnesota and California courts consider "what a reasonable person

in the position of the insured would have understood" with respect to the insurance policy provisions. (Order at 11.)

2.	*PIIC Does Not Demonstrate A Substantial Ground for Difference of Opinion.*

The *second* requirement for certification under § 1292(b) is that "there is a substantial ground for difference of opinion" on a controlling question of law. To determine if this requirement is met, "courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. "A party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference." *Id.* (internal quotation marks omitted); *see Strauss v. Sheffield Ins. Corp.*, No. 05CV1310–H(CAB), 2006 WL 6158770, at *4 (S.D. Cal. June 23, 2006) ("[I]f district courts certified an order for appeal in every instance in which a party disagreed with a court's opinion, the 'exceptional circumstances' requirement for interlocutory appeals would be rendered meaningless and piecemeal litigation would become commonplace.").

Here, PIIC does not demonstrate a "substantial ground for difference of opinion" such that interlocutory appeal to the Ninth Circuit is warranted. Notably, in seeking appellate review of the appropriate choice-of-law test, PIIC is not seeking to certify a legal question to the California Supreme Court. It is, instead, seeking a secondary review of the Court's prediction of how the California Supreme Court would decide the issue using intermediate appellate court decisions as interpretive aids. There is no substantial ground for difference of opinion as to that analysis. In using the governmental-interest test, the Court soundly relied on two recent intermediate California appellate decisions supporting application of the governmental-interest test and the fact that the California Supreme Court endorsed that test most recently in its 2019 decision in *Chen v. Los Angeles Truck Centers, LLC*, 444 P.3d 727 (Cal. 2019), never having cited Section 1646 as a choice-of-law rule. In an interlocutory appeal, the Ninth Circuit would not be deciding the issue in the place of the California Supreme Court. It would, rather, be predicting which test the California Supreme Court would apply using the very same California appellate decisions as interpretive aids the Court used in its analysis. This counsels strongly against certification of an interlocutory appeal.

Nor is there "substantial ground for difference of opinion" over application of the pollution exclusion in PIIC's policies. The California Supreme Court's decision in *MacKinnon* is more than 20

years old and settled California law. There is no substantial ground for difference of opinion on the application of *MacKinnon*'s traditional-environmental-pollution standard in the duty-to-defend context of this case, where the policyholder need only show potential coverage to prevail, with the policy interpreted broadly in favor of coverage. Notably, just a few weeks ago in several other Central District cases, Judge Almadani reached the same pollution-exclusion result as this Court in a series of insurance-coverage cases involving different policyholders but the same underlying Bodily Injury Lawsuits. Judge Almadani applied *MacKinnon* and rejected the insurers' reliance on their pollution exclusions in attempt to avoid the duty to defend, citing this Court's decision with approval. *See, e.g., Hanover Am. Ins. Co., et al. v. Francini, Inc.*, 2:23-cv-10047-MRA-MAA, Dkt. No. 96 at 11-13 (C.D. Cal. Mar. 31, 2026); *Pacific Shore Stones, LLC, et al. v. Allied Property & Cas. Co., et al.*, No. 2:25-cv-04370-MRA-MAA, Dkt. No. 103 at 15-19 (C.D. Cal. Mar. 31, 2026); *Surface Warehouse, LP v. The Charter Oak Fire Ins. Co.*, et al., 2:25-cv-03895-MRA-MAA, Dkt. No. 64 at 11-14 (C.D. Cal. Mar. 31, 2026). These decisions substantially undercut the notion there is a substantial ground for difference of opinion on the pollution-exclusion issue. PIIC simply disagrees with the Court's application of settled law, which is no basis for interlocutory appeal. *Couch*, 611 F.3d at 633 ("That settled law might be applied differently does not establish a substantial ground for difference of opinion."); *Cent. Valley Chrysler-Jeep v. Witherspoon*, No. CVF046663RECLJO, 2005 WL 3470653, at *2 (E.D. Cal. Dec. 19, 2005) ("To demonstrate 'a substantial ground for difference of opinion' . . . the moving party must show more than its own disagreement with a court's ruling.").

> 3.    *Immediate Appeal Would Not Materially Advance the Termination of the Litigation.*

The *third* requirement for certification under § 1292(b) is that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." This requirement is satisfied when the resolution of the question "may appreciably shorten the time, effort, or expense of conducting" the district court proceedings. *In re Cement*, 673 F.2d at 1027. "The ultimate question is whether permitting an interlocutory appeal would minimize the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." *Allen v.*

*ConAgra Foods, Inc.*, No. 3:13-cv-01279-WHO, 2019 WL 1466889, at *3 (N.D. Cal. Feb. 6, 2019) (cleaned up).

Here, certification of an interlocutory appeal would not make this litigation more efficient. For starters, Cambria has money damages to adjudicate for PIIC's breach of the duty to defend. The Court has declared PIIC's duty to defend Cambria, but the damages part of Cambria's claim for breach of PIIC's insurance contract remains. That part of this litigation should be straightforward enough, but it is not complete. An interlocutory appeal now could result in expensive and inefficient piecemeal appellate review of different issues within the same claim over the course of several years. That makes no sense.

Furthermore, Cambria has indemnification and bad-faith claims remaining. Cambria's bad-faith claim is based on PIIC's denial of the duty to defend, which means an appeal as to that independent tort claim may well present overlapping and duplicative issues with those at issue in the Court's summary judgment decision on the duty to defend. Given that overlap, there should be one final appeal, not two, and an interlocutory appeal would not materially advance the termination of this litigation.

As to Cambria's remaining claims related to PIIC's duty to indemnify, at this time, Cambria does not have settlements or judgments within PIIC's 2000-2002 policy periods which PIIC must indemnify. Cambria's position[3] is that a stay of discovery as to Cambria's duty-to-indemnify claims should be put in place under the California Supreme Court's decision in *Montrose Chem. Corp. v. Superior Court*, 861 P.2d 1153, 1162 (Cal. 1993), which has been applied consistently by federal California courts[4] under these circumstances to prevent the prejudice to the policyholder that results

---

[3] PIIC agrees that "[n]ow that the duty to defend issue is resolved, this case will likely be stayed pending resolution of the underlying lawsuits." (Mot. at 20 (citing *Montrose Chem. Corp. v. Admiral Ins. Co.*, 913 P.2d 878, 883 n.9 (Cal. 1995)).) Cambria will be requesting PIIC's stipulation to a *Montrose* stay and plans to present a stipulation to the Court for its consideration. If a stipulation cannot be reached, Cambria will soon file a motion for a stay under *Montrose*.

[4] While the *Montrose* stay may have originated in California, it is a rule recognized and applied by courts around the country. *See, e.g., Wells Dairy, Inc. v. Travelers Indem. Co. of Ill.*, 241 F. Supp. 2d 945, 977 (N.D. Iowa 2003); *Travelers Prop. Cas. Co. of Am. v. New York Radiation Therapy Mgmt. Servs., Inc.*, No. 09CIV694(NRB), 2009 WL 2850691, at *1-2 (S.D.N.Y. Aug. 31, 2009); *Lexington Ins. Co. v. Bd. of Ed. of Lake Forest Cmty. High Sch. Dist. 115*, No. 11 C 556, 2012 WL 74778, at *2

---

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION

13

from having to litigate "a two-front war" to both defend against the underlying liability cases and simultaneously litigate with the insurance company that promised defense protection. *See Carolina Cas. Ins. Co. v. Helsley*, No. 1:10-cv-916-LJO-MJS, 2011 WL 121576, at *1 (E.D. Cal. Jan. 13, 2011) (discussing prejudice to the insured "[i]n having to wage a two-front war if the coverage action is not stayed"); *Cont'l Cas. Co. v. Glob. Allies, LLC*, No. 2:11-cv-03237-MCE-KJN, 2012 WL 5289315, at *4 (E.D. Cal. Oct. 24, 2012) ("An insured can be prejudiced by having to expend resources fighting with its own insurer while at the same time attempting to defend itself against liability that its insurance was presumably supposed to cover."); *see also Great Am. Ins. Co. v. Superior Court*, 100 Cal. Rptr. 3d 258, 269-70 (Cal. Ct. App. 2009) (stating that the trial court must stay the coverage action if its factual issues overlap with issues to be resolved in the underlying action).

***

In sum, PIIC cannot and has not met its burden to show that the demanding requirements of § 1292(b) are met. There is nothing about the circumstances of this case which warrants departure from the strong policy against interlocutory appeals and piecemeal litigation. Duty-to-defend rulings are commonplace in insurance litigation, and PIIC's request for certification should be denied.

### III.    Partial Final Judgment Under FRCP 54(b) is Improper.

Fed. R. Civ. P. 54(b) provides that "[w]hen more than one claim for relief is presented in an action…the court may direct entry of final judgment as to one or more but fewer than all of the claims…only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

A district court must first determine that it has rendered a "final judgment," that is, a judgment that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-10 (1980). Then the Court must determine whether there is any just reason for delay, as "[i]t is left to the sound judicial discretion of the district

---

(N.D. Ill. Jan. 10, 2012); *Kinsale Ins. Co. v. VBC Madison LP*, No. 2:24-cv-02168-LK, 2025 WL 3628292, at *3 (W.D. Wash. Dec. 15, 2025); *Harleysville Lake States Ins. Co. v. Granite Ridge Builders, Inc.*, No. 1:06-CV-397, 2007 WL 1662676, at *3 (N.D. Ind. June 7, 2007); *State Farm Fire & Cas. Co. v. Poomaihealani*, 667 F. Supp. 705, 707 (D. Haw. 1987); *Prudential Prop. & Cas. Co. Ins. Co. v. Calvo*, 700 F. Supp. 1104, 1105-06 (S.D. Fla. 1988).

court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal." *Id.*

Here, there is not yet "an ultimate disposition of an individual claim" because, as addressed above, Cambria's money damages on its claim for PIIC's breach of the duty to defend are yet to be adjudicated. Put another way, there is ample reason for delay in entering a final judgment. Litigation of Cambria's duty-to-defend claim is not complete. For this reason alone, PIIC's motion should be denied.

In addition, Rule 54(b) certification is only proper if it will aid expeditious decision of the case so as to outweigh the historic and well-established policy against piecemeal appeals. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797–98 (9th Cir. 1991). *Id.* Rule 54(b) certification is scrutinized to prevent piecemeal appeals in cases which should be reviewed only as single units." *Id.* For all of the reasons addressed above, PIIC fails to make this showing. PIIC also makes no demonstration that entry of partial final judgment is needed to avoid a harsh and unjust result. PIIC's dissatisfaction with the Court's duty-to-defend ruling does not suffice.

**CONCLUSION**

For all the foregoing reasons, Cambria respectfully requests that the Court deny PIIC's Motion for Reconsideration and alternative requests for an interlocutory appeal or for partial final judgment.

Dated:  April 14, 2026

Respectfully submitted,

By:  *s/ Bryan R. Freeman*

Saxe Doernberger & Vita, P.C.
William S. Bennett, Esq.
Kyle A. Rudolph, Esq.

Maslon LLP
Bryan R. Freeman, Esq. (Pro Hac Vice)
Judah A. Druck, Esq. (Pro Hac Vice)

**Attorneys for Plaintiff**
**Cambria Company LLC**

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Cambria Company LLC, certifies that this brief contains 5,907words, compliant with Local Rule 11-6 and the word limit set by the Civil Standing Order.

Dated: April 14, 2026                                    By: */s/William S. Bennett*
                                                              William S. Bennett

---

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION

# **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Central Division, by using the Court's CM/ECF system on April 14, 2026. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the Court's CM/ECF system.


Dated: April 14, 2026                                        */s/ William S. Bennett*

                                                                       William S. Bennett

---

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION